## HATTIE E. LAING et al., Respondent, v. JOHN R. HOLMES, Appellant.

### Kansas City Court of Appeals, March 3, 1902.

1. **Contracts: CONSTRUCTION: CONTEMPORANEOUS INTERPRETATION: MINING LEASE.** Where contracts are of a doubtful meaning, the construction given by the parties will be adopted by the courts; and so a mining lease requiring the lessee to pay five hundred dollars additional out of the first six months' profits, is, on the correspondence between the parties, held to mean the first six months the mine made a profit.

2. ———: ———: **METHOD OF COMPUTING PROFITS.** Where a mining lease provided for the payment of five hundred dollars additional out of the first six months' profits, in computing such profits the expenses at a period prior to the commencement of the said six months can not be deducted from the earnings of that period.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins, Judge.*

AFFIRMED.

*Galen & A. E. Spencer* for appellant.

(1) "Five hundred dollars out of first six months' profits of this lease," means out of profits for first six months. This is the plain and ordinary meaning of the words, and the court should give the words such meaning. Rubey v. Mining Co., 21 Mo. App. 159; Weil v. Schwartz, 21 Mo. App. 372; Lovelace v. Traveler's & Co., 126 Mo. 104; Goode v. City, 113 Mo. 257. (2) If an ambiguous expression appears in a contract, the effect to be ascribed to it must, if possible, be a reasonable one. Hanna v. Land Co., 126 Mo. 1. (3) Plain-

tiff presented and relied on this agreement. In the absence of other means of interpretation, the construction should be against the party using the agreement. Beach Mod. Law of Contracts, secs. 726, 882. (4) In computing profits from the lease, defendant should have been allowed first to reimburse himself for all prior expenses. This is the plain, ordinary and accepted meaning of profits. Defendant should have been allowed compensation for the value of his time and services in developing and superintending the operations on the lease. The evidence showed this to be necessary and valuable. Hall v. Vermont, etc., Railroad, 28 Vt. 401; Reg. v. Gloucester, 5 Q. B. 862, 48 E. C. L. 862.

*C. H. Montgomery* for respondent.

(1) In the construction of ambiguous contracts the court will look not merely to the words employed, but the subject-matter, the surrounding circumstances, and the contemporaneous interpretation of the parties themselves. Williams v. Railroad, 153 Mo. 487; Carter v. Foster, 145 Mo. 383; Wetmore v. Crouch, 150 Mo. 671. (2) The whole transaction was that defendant agreed to pay plaintiffs $2,000 bonus for the lease. He paid $1,500 and owed $500 more, not a part of $500. The word "first" was put in to hurry the payment, not to reduce the amount or to defeat its payment altogether. The plaintiffs tried to prove the whole transaction, but the court ruled it out. This was error in favor of defendant of which he can not complain, but it prevented plaintiffs recovering what was their due. Carney v. Chillicothe Water & Light Co., 76 Mo. App. 532; Del Bondio v. Jacob Dold Packing Co., 79 Mo. App. 465.

ELLISON, J.—This is an action to recover five hundred dollars, claimed to be due under a mining lease made by

plaintiff to defendant.   The judgment in the trial court was
for plaintiff for $164.20, and defendant appealed.

The lease provided that defendant should pay plaintiff as
rent or royalty, fifteen per cent of the market value of all ores
mined and sold during the preceding week "and $500 addi-
tional out of the first six months' profits of this lease."   The
suit is for the $500, specified, and the point for decision is the
construction of the clause quoted.   The defendant contended
in the trial court that the clause meant the profits of the first
six months of the lease, beginning with its date, and as there
were no profits during that time, nothing was due.   Plain-
tiff's view was that the true intent and meaning was the profits
of the first six months in which profits were made.   The
clause is quite ambiguous, not only in the opposing points of
view just stated, but in many other respects which have been
suggested by counsel.   Fortunately, however, the parties them-
selves have interpreted its meaning, and that was properly the
construction adopted by the trial court.   When contracts are
written in such a way as to be of doubtful meaning, the con-
struction given by the parties will be adopted by the courts.
Sedalia Brewing Co. v. Sedalia Water Works, 34 Mo. App.
49; Williams v. Railway, 153 Mo. 487; Carter v. Foster, 145
Mo. 383; Wetmore v. Crouch, 150 Mo. 671.

Some days after the expiration of the first six months of
the lease, written demand was made on defendant for the $500
named in the lease.   He answered this in a letter of Novem-
ber 26, 1898, saying that he "had made no profits *yet*. How-
ever, I think it will pay all right before long, and I will gladly
pay *when the profits come*" (italics ours).   From this it is
evident that the contract was not understood as confining the
profits to what might be made the first six months of the lease.

As to the mode of ascertaining the profits, the contract
fixed a period of six months when profits were earned, and
the profits were to be ascertained by result of such period.
Defendant had no right to claim that expenses at a period

prior to that were to be deducted from the earnings of that period, and the court properly confined expenses to the period which measured the profits.

The judgment was manifestly for the right party, and is accordingly affirmed. All concur.